[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12541
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cv-20381-KMW

MICHAEL ROZIER,

Petitioner - Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 27, 2019)

Before MARTIN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

We GRANT Rozier's petition for panel rehearing, vacate our prior opinion in this case, and replace it with this one. Since our last opinion issued, this Court issued a precedential decision in Paez v. Secretary, Florida Department of Corrections, No. 16-15705 (11th Cir. July 31, 2019). There, as here, a state inmate filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 that looked to be untimely. And there, as here, the district court sua sponte dismissed the petition without ordering a response from the State.

In Paez, the Court held that district courts "must order the State to respond, even if the petition appears untimely[,]" whenever the petition "states a legally sufficient claim for relief." Id., slip op. at 2. The Court explained that "[t]his response need not be an answer on the merits" but may instead "take whatever form the district court deems appropriate, including a motion to dismiss on timeliness grounds." Id. Because the district court in Paez ordered no State response, this Court vacated and remanded for the district court to order the State to respond to the petition. Id., slip op. at 16.

To maintain harmony among this Court's decisions, we will follow Paez here. We thus VACATE the dismissal of Rozier's § 2254 petition and REMAND

2

for further proceedings consistent with <u>Paez</u>.  Our ruling does not prejudice the

ability of the Secretary to raise the timeliness of Rozier's petition on remand.